```
                IN THE UNITED STATES DISTRICT COURT

                      FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,      )   CR. NO. 08-00497 SOM
                               )
        Plaintiff,             )   ORDER DENYING DEFENDANT'S
                               )   MOTION FOR APPOINTMENT OF
        vs.                    )   COUNSEL
                               )
JAY K. CRISOLO,                )
                               )
        Defendant.             )
_____)
```

**ORDER DENYING DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL**

**I.      INTRODUCTION.**

On April 24, 2018, *pro se* Defendant Jay K. Crisolo filed a Motion for Appointment of Counsel that "questions" whether he was unlawfully sentenced and asks the court to appoint counsel to help him explore potential claims for post-conviction relief. Crisolo is not constitutionally or statutorily entitled to such a federally funded fishing expedition, and the court denies his Motion.

**II.     BACKGROUND.**

On July 29, 2009, Crisolo pled guilty without a plea agreement to numerous drug crimes, including one count of conspiracy with intent to distribute methamphetamine (21 U.S.C. § 846), three counts of distribution of methamphetamine (21 U.S.C. § 841(a)(1), (b)(1)(A)-(B)), one count of being a felon in possession of a firearm (18 U.S.C. §§ 922(g)(1), 924(a)(2)),

and four counts of use of a telephone to facilitate a conspiracy to distribute methamphetamine (21 U.S.C. § 843(b)). *See* ECF No. 592; ECF No. 596.

Crisolo was subject to a mandatory sentence of life in prison given the Government's filing of a Special Information under 21 U.S.C. § 851. *See* ECF No. 212, PageID #s 494-95. The Special Information described Crisolo's convictions in two State of Hawaii cases, one in 1995 and one in 1998. Each case involved convictions on two counts (Promoting a Dangerous Drug in the Third Degree (Haw. Rev. Stat. § 712-1243) and Unlawful Use of Drug Paraphernalia (Haw. Rev. Stat. § 329-43.5(a))). *See id.* at PageID #s 495, 503. The Government later moved to strike the 1995 case from the Special Information. *See* ECF No. 593. This court granted that motion, thereby reducing the number of Crisolo's prior felony convictions and relieving Crisolo of the mandatory life sentence. Based on only the prior 1998 case, Crisolo was subject to a 20-year mandatory minimum prison term. Had he had no prior drug conviction, he would have faced a 10-year mandatory minimum. *See* 21 U.S.C. §§ 841(b)(1)(A), 851.

Crisolo appealed his sentence to the Ninth Circuit. *See United States v. Crisolo*, 620 Fed. App'x 601 (9th Cir. 2015); ECF No. 608. (He mistakenly claims in the present Motion that he did not appeal. *See* ECF No. 640, PageID # 2142.) His appeal argued that the Government had breached an oral agreement

2

by failing to move for a downward departure under 18 U.S.C. § 3553(e).  In a memorandum opinion, the Ninth Circuit rejected this argument and affirmed Crisolo's sentence, explaining that "neither the existence of an oral cooperation agreement nor the terms of such an agreement are 'clear or obvious' on the face of the record."  See *Crisolo*, 620 Fed. App'x at 602 (internal citation omitted); ECF No. 608, PageID #s 2038-39.

In now moving for the appointment of counsel, Crisolo says he is "questioning whether his § 851 enhancement [wa]s valid."  See ECF No. 640, PageID # 2143.  This "questioning" is allegedly based on a recent district court decision, *Zmuda v. United States*, Cr. No. 13-00246 HG-01, 2017 WL 3222538 (D. Haw. July 28, 2017)).  Crisolo asks that the court appoint counsel under the Criminal Justice Act, 18 U.S.C. § 3006A, so that he can explore a potential post-conviction claim.  See ECF No. 640, PageID # 2143.  He says that he is not currently "mounting a collateral attack on his sentence or conviction, [but] rather he is seeking appointment of counsel to represent him in post conviction proceedings."  *Id.* at PageID # 2144.

**III.    The Court Declines to Appoint An Attorney.**

      **A.    Without Filing a § 2255 Motion, Crisolo Is Not Entitled to a Court-Appointed Attorney.**

Crisolo is considering collaterally attacking his sentence, but first wants a court-appointed attorney to help him

3

explore the viability of such a challenge.  The court denies this request.  There is no constitutional right to counsel in federal habeas proceedings, let alone a constitutional right to counsel to help decide whether to initiate such a proceeding. *See Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991)).

Nor is there a statutory right to counsel in these circumstances.  The Criminal Justice Act, 18 U.S.C. § 3006A, governs the "furnishing [of] representation for any person financially unable to obtain adequate representation." *Id.* § 3006A(a).  The Act allows a federal court to appoint counsel whenever the "court determines that the interests of justice so require . . . for any financially eligible person who . . . *is seeking*" federal habeas relief.  *See* 18 U.S.C. § 3006(a)(2)(B) (emphasis added).  It does not permit the appointment of counsel for prisoners, like Crisolo, who are merely "questioning" whether to seek such relief. *See Ayestas v. Davis*, 138 S. Ct. 1080, 1094 (2018) (explaining that "it is not proper to use [a] funding statute to subsidize a 'fishing expedition'" (quoting *United States v. Alden*, 767 F.2d 314, 318 (7th Cir. 1984)); *cf. Calderon v. U.S. Dist. Court for the N. Dist. of Cal.*, 98 F.3d 1102, 1106 (9th Cir. 1996) ("Habeas corpus is not a general form of relief for those who seek to explore their case in search of

its existence." (quoting *Aubut v. State of Maine,* 431 F.2d 688, 689 (1st Cir. 1970)).

In arguing that the Criminal Justice Act allows a court to "appoint counsel for indigent prisoners when[ever] the 'interest[s] of justice so require,'" *see* ECF No. 640, PageID # 2144 (quoting 18 U.S.C. § 3006(2)), Crisolo reads the requirement that the prisoner be "seeking relief under section 2241, 2254, or 2255 of title 28" right out of the statute, *see* 18 U.S.C. § 3006A(2)(B). Crisolo cites no law suggesting that this statutory requirement may be ignored.

Crisolo's request for counsel is premature, and the court denies his request without prejudice to a renewed request based on later developments. *See Hansen v. State of Idaho*, No. CV03-212-SA-EJL, 2006 WL 1663611, at *3 (D. Idaho June 15, 2006) (denying a request for counsel as "premature" when the prisoner could not yet file a § 2254 motion); *see also Robinson v. Miller*, No. C 11-1339 LHK PR, 2011 WL 2193393, at *2 (N.D. Cal. June 3, 2011) (similar).

> **B. Even if the Court Construed Crisolo's Request as a § 2255 Motion, It Would Not Appoint an Attorney for Crisolo at this Time.**

This court does not construe Crisolo's filing as a § 2255 motion. *See Castro v. United States*, 540 U.S. 375, 377 (2003) (holding that before a court can "recharacterize a *pro se* litigant's motion as [a] . . . § 2255 motion," it must "inform[]

5

the litigant of its intent to recharacterize" and "provide[] the litigant with an opportunity to withdraw, or to amend, the filing"). If he wishes, Crisolo may file a § 2255 motion and then, in the course of litigating that motion, again request the appointment of counsel. Only with such filings will the court even consider whether the "interests of justice" require the appointment of an attorney. *See* 18 U.S.C. § 3006A(a)(2); *see also* Rules Governing Section 2255 Proceedings in the U.S. District Courts, Rule 6(a), 8(c) (discussing two circumstances in § 2255 cases that justify attorney appointments).

Conscious that Crisolo is proceeding *pro se*, the court outlines the counsel-appointment requirements and discusses them in relation to his potential § 2255 claim. In determining whether to appoint an attorney to help litigate a § 2255 motion, "the district court must evaluate the . . . likelihood of success on the merits as well as the ability of the prisoner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygant v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (citing *Maclin v. Freake*, 650 F.2d 885, 887-88 (7th Cir. 1981)).

Under this standard, the court would examine whether Crisolo articulated a colorable claim. *See Maclin*, 650 F.2d at 887 (indicating that a claim must appear "colorable" and "not

6

frivolous" before counsel can be appointed). The present record does not readily reveal the existence of a colorable claim.

In his Motion, Crisolo's "questioning" of his 20-year mandatory minimum sentence is based on a single decision by a different district judge in the District of Hawaii, *Zmuda v. United States*, Cr. No. 13-00246 HG-01, 2017 WL 3222538 (D. Haw. July 28, 2017). *Zmuda* rejected an ineffective assistance of counsel claim asserted in a motion under 28 U.S.C. § 2255. *See id.* In the "procedural history" section of its order, the court wrote:

> On July 9, 2014, the Court held a sentencing hearing. The Court sustained Petitioner's Objection to Special Information Regarding 21 U.S.C. § 851 Enhancement. The Court agreed with Attorney Kau that Petitioner's 2010 Hawaii state court conviction for "unlawful use of drug paraphernalia" did not qualify as a prior felony drug offense for purposes of sentence enhancement. The Court found that Petitioner was not subject to a mandatory minimum sentence of 20 years pursuant to 21 U.S.C. § 851.

*Zmuda*, 2017 WL 3222538, at *3 (citations omitted).

A transcript of the proceedings on July 9, 2014, illuminates why, nearly four years ago, the judge in that case declined to find that a drug paraphernalia conviction qualified as a prior felony drug conviction subjecting Zmuda to an enhanced sentence under § 851. In a fact-specific decision, the judge first ruled that it had to apply "the modified categorical

7

approach" to decide whether Zmuda's paraphernalia conviction qualified as a prior felony drug offense under § 851, "because of the broader breadth of the Hawaii [drug] statute as opposed to the federal [controlled substances] statute in terms of [prohibited] substances." *See* Transcript of Proceedings Before the Honorable Helen Gillmor, Senior U.S. Dist. Court Judge, at 8, 19, *United States v. Zmuda*, Cr. No. 13-00246 HG (filed August 29, 2014), ECF No. 131; *see also Ragesa v. Holder*, 752 F.3d 1173, 1176 (9th Cir. 2015) (applying the modified categorical approach to a Hawaii drug statute).

Looking to state-court documents filed by the Government, the judge attempted to determine whether Zmuda's conviction involved "a drug that is [] covered by the federal statute." *See* Transcript of Proceedings Before the Honorable Helen Gillmor, Senior U.S. Dist. Court Judge, at 9, *United States v. Zmuda*, Cr. No. 13-00246 HG (filed August 29, 2014), ECF No. 131. "[T]he lack of information" in the documents filed by the Government prevented the judge from "find[ing] that [the] 851 [requirement] has been met." *See id.* at 19-20. The judge therefore rejected any § 851 enhancement based on Zmuda's paraphernalia conviction. *See id.* The judge expressly stated that she was not ruling on whether a Hawaii "drug paraphernalia [conviction] might actually qualify [as a felony drug offense] if the proper documents were" submitted. *See id.*

8

Crisolo, relying on *Zmuda*, argues that although he was convicted in 1998 of one count of Promoting a Dangerous Drug in the Third Degree and one count of Unlawful Use of Drug Paraphernalia, that "may not qualify" him for a § 851 enhancement. *See* ECF No. 640, PageID # 2143. If Crisolo's "questioning" of his § 851 enhancement is based solely on *Zmuda*, then he is highly unlikely to be entitled to relief. This is so for at least three reasons.

First, the fact-specific ruling in *Zmuda* appears inapposite. In Crisolo's case, the exhibits attached to the Special Information indicate that his 1998 case involved the knowing possession of "methamphetamine." *See* ECF No. 212-3, PageID # 508 (charging Crisolo with the knowing possession of "methamphetamine"); ECF No. 212-3, PageID # 503 (adjudging Crisolo guilty "of the offense" of Promoting a Dangerous Drug in the Third Degree "committed in the manner and form set forth in the charge"). These exhibits may foreclose any argument based on any alleged discrepancy between the federal and Hawaii controlled substances lists. *See* 21 U.S.C. § 802(9)(B) (including "a drug which contains any quantity of [ ] amphetamine" on the federal controlled substances list).

Second, even assuming that Unlawful Possession of Drug Paraphernalia could never qualify as a "felony drug offense" under 21 U.S.C. § 841(b)(1)(A), Crisolo's conviction on the

9

other count, Promoting a Dangerous Drug in the Third Degree, appears to independently support his § 851 enhancement. Notably, the Special Information filed in *Zmuda* only described a conviction for Unlawful Possession of Drug Paraphernalia. *See* Special Info. as to Prior Drug Conviction Pursuant to 21 U.S.C. § 851, at 2, *United States v. Zmuda*, Cr. No. 13-00246 HG (filed Dec. 12, 2013), ECF No. 60 ("On or about December 16, 2010, Defendant Matthew Zmuda was convicted . . . of the following felony drug offense: [] Unlawful Use of Drug Paraphernalia."). In Crisolo's case, by contrast, the Special Information discusses *two separate counts* in Crisolo's 1998 case: "Unlawful Possession of Drug Paraphernalia" and "Promoting a Dangerous Drug in the Third Degree." *See* ECF No. 212, PageID # 495. Even discounting the drug paraphernalia conviction, this court would be left with Crisolo's conviction for Promoting a Dangerous Drug in the Third Degree, which independently appears to be a "felony drug offense" under 21 U.S.C. § 841(b)(1)(A) that supports a § 851 sentencing enhancement.

Third, even if Crisolo could persuade this court that his § 851 enhancement was unlawful, he must *also* surmount a stringent one-year time limitation. Any § 2255 motion must be filed one year from the latest of four dates: (1) when the judgment of conviction becomes final; (2) when the impediment to making a motion created by governmental action in violation of

the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) when the right asserted is initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and (4) when the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f).

This court entered a judgment of conviction on May 28th, 2014. *See* ECF No. 592. Crisolo appealed his sentence to the Ninth Circuit, which issued its judgment of affirmance on October 20, 2015. *See* ECF No. 609. Crisolo then had 90 days during which to petition for a writ of certiorari from the Supreme Court. *See* Rules of the Supreme Court, Rule 13. He did not do so. Consequently, the one-year clock for a § 2255 motion began ticking sometime in January 2016. *See United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) (explaining that the § 2255 clock "beg[ins] to run upon the expiration of the time during which [the defendant] could have sought review by direct appeal").

It is now May 2018, years after the § 2255 clock began ticking. Any § 2255 motion would be dismissed as untimely unless Crisolo could identify 1) a newly announced and retroactive Supreme Court right bearing on his sentence; 2) an

unlawful governmental impediment to his making a § 2255 motion; or 3) a reason that the facts supporting the § 2255 claim could not have been discovered earlier through the exercise of due diligence.[1]  *See* 28 U.S.C. § 2255(f).  A simple citation to the 2017 *Zmuda* order, which described an oral order issued in 2014 by a different district judge, cannot satisfy any of these criteria.  *Zmuda* was not issued by the United States Supreme Court, does not involve a right applicable to Crisolo, and has not been ruled retroactively applicable.  Moreover, although the 2017 order denying Zmuda's § 2255 motion was filed less than a year ago, it is really the 2014 oral sentencing ruling in *Zmuda* that Crisolo is relying on to "question" his own § 851 enhancement--a ruling that is far more than a year old.  As a result, any § 2255 motion based solely on *Zmuda* would likely raise a timeliness issue.

In sum, even if the court were to construe the Motion for Appointment of Counsel as a § 2255 motion, the court would be unlikely to appoint Crisolo counsel on the present record, as

---

[1] An untimely § 2255 claim may still be heard if Crisolo can establish the "diligent pursuit" and "extraordinary circumstances" necessary to make out a case for equitable tolling.  *See United States v. Aholelei*, No. CR 12-00693 SOM, 2017 WL 6559755, at *13 (D. Haw. Dec. 22, 2017) (citing *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045-46 (9th Cir. 2010)).  Nothing in the Motion for Appointment of Counsel indicates how Crisolo might make this "very high" showing.  *See id.*

any § 2255 claim based on *Zmuda* appears to be noncolorable and untimely.

**IV.    Conclusion.**

The court DENIES the Motion for Appointment of Counsel without prejudice to later refiling.  Crisolo is not entitled to a court-appointed attorney for the purpose of deciding whether to collaterally attack his sentence.  If Crisolo wishes to file a § 2255 motion and then bring a renewed motion requesting the appointment of counsel, he may do so.  At that point, the court will consider whether the new record establishes that the interests of justice require the appointment of an attorney.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 4, 2018.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

United States v. Crisolo, Cr. No. 08-00497 SOM; ORDER DENYING
DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL.